IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO CARSTAPHEN, | ) | CASE NO. 1:25-CV-422 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JENNIFER DOWDELL ARMSTRONG |
| WARDEN DOUG LUNEKE, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

## I. INTRODUCTION

Petitioner Antonio Carstaphen ("Petitioner") filed a petition under 28 U.S.C. § 2254 on March 3, 2025. (ECF No. 1.) Respondent filed a return of writ on June 17, 2025. (ECF No. 7.) And Petitioner filed a traverse on October 20, 2025. (ECF No. 10.)

On December 8, 2025, Petitioner's counsel filed a Notice of Suggestion of Death and Mootness. (ECF No. 11). And on December 9, 2025, Petitioner's counsel filed an Amended Notice of Suggestion of Death and Mootness to correct a typographical error and confirm that Respondent does not dispute the suggestion of death and mootness. (ECF No. 12).

## II. LAW AND ANALYSIS

"A federal habeas corpus petition becomes moot on the death of the prisoner." *Parker v. Nagy,* No. 2:20-cv-13439, 2022 WL 669335, at *1 (E.D. Mich. Feb. 15, 2022) (citing *Hailey v. Russell,* 394 U.S. 915 (1969) (dismissing a motion for leave to file a habeas corpus petition on the suggestion of mootness due to the petitioner's death); *Scott v. California,* 364 U.S. 876 (1969) (dismissing a motion for a writ of certiorari on the suggestion of counsel for the petitioner of the death of the petitioner); *Rosa v. Rewerts,* No. 1:18-CV-940, 2020 WL 132374, at *1 (W.D. Mich.

Jan. 13, 2020) (collecting cases for the principle that "[t]he death of an inmate during the pendency of his habeas petition renders the action moot and deprives the Court of jurisdiction.")

Because it is undisputed that Petitioner died during the pendency of his habeas petition, this Court is deprived of jurisdiction in this case. Accordingly, I RECOMMEND that this Court DISMISS Petitioner's habeas petition (ECF No. 1).

### III. RECOMMENDATION

For the foregoing reasons, I RECOMMEND that this Court DISMISS Petitioner's habeas petition (ECF No. 1) because Petitioner's death has rendered the petition moot, and the Court no longer has jurisdiction.

### IV. NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

> **Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

2

Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-531 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).

Dated: December 9, 2025      /s *Jennifer Dowdell Armstrong*
JENNIFER DOWDELL ARMSTRONG
UNITED STATES MAGISTRATE JUDGE